David Chami (SBN 027585)
**PRICE LAW GROUP, APC**
5420 S. Lakeshore Dr., Suite 102
Tempe, AZ 85283
T: 800-884-6000
Fax: 866-612-5700
David@pricelawgroup.com

Attorneys for Plaintiff,
BONNIE REESE

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| BONNIE REESE | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| REGENCY CREDIT, LLC; and DOES 1 to 10, inclusive, | **Demand Does Not Exceed $10,000** |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1.   This is an action for actual and statutory damages brought by Plaintiff, Bonnie Reese, an individual consumer, against Defendant, Regency Credit, LLC,

- 1 -

for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 and 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.   PARTIES

3.   Plaintiff, Bonnie Reese, is a natural person with a permanent residence in Anchorage, Anchorage County, Alaska 99509. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4.   Upon information and belief the Defendant, Regency Credit, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 1403 West 10th Place, Suite B-110, Tempe, Maricopa County, Arizona 85281. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.   Defendant is engaged in the collection of debts from consumers using

the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in or around June of 2011.

7. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. As such, it qualifies as "debt," as defined by 15 U.S.C. § 1692a(5).

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, failed to send within the first thirty days of communicating with the Plaintiff the required initial disclosures as required by the FDCPA.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "If you do not pay this we will file a lawsuit in forty-eight hours."

10. Defendant has no standing to commence legal proceedings on behalf of the creditor.

11. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue legal action.

12. The representations made to Plaintiff by Defendant regarding legal action were false.

13. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

14. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

16. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to her in an offensive and verbally abusive manner.

## V. <u>CLAIM FOR RELIEF</u>

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

17. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(e)  Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f)  Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(g)  Defendant violated *§1692g(a)(1)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication with a written communication that included the amount of the alleged debt that the Defendant is attempting to collect; and

(h)  Defendant violated *§1692g(a)(2)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication with a written communication that included the name of the creditor to whom the alleged debt is owed that the Defendant is attempting to collect; and

(i)  Defendant violated *§1692g(a)(3)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication with a written communication that included a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; and

(j)  Defendant violated *§1692g(a)(4)* of the FDCPA by failing to notify

the Plaintiff within five days of the initial communication with a written communication that included a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and

(k)  Defendant violated *§1692g(a)(5)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication with a written communication that included a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

19.  Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Bonnie Reese, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Regency Credit, LLC, for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F.  For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Bonnie Reese, demands trial by jury in this action.

DATED: January 20, 2012

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

By:_____
David Chami
Attorney for Plaintiff